UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH MCQUINNIE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:09-CV-0920-B |
| | § | |
| AMERICAN HOME | § | |
| ASSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are cross-motions for summary judgment filed by Plaintiff Kenneth McQuinnie ("McQuinnie")(doc. 9) and Defendant American Home Assurance Company ("American") (doc. 6). For the reasons set forth below, the Court finds that American's Motion should be and hereby is **GRANTED** and McQuinnie's Cross-Motion should be and hereby is **DENIED**.

### I.

### BACKGROUND

This dispute stems from Plaintiff McQuinnie's involvement in a car accident and his so far unsuccessful attempts to obtain uninsured/underinsured benefits from his insurance company, American. (Pl.'s Original Pet. ¶4.) The other driver involved in the collision, Anand Sapkota ("Sapkota"), was driving a vehicle owned by Enterprise Leasing. (*Id.* at ¶9.) McQuinnie reached a settlement with Sapkota's insurance company and received the $50,000 policy limit under Sapkota's insurance policy. (*Id.*) McQuinnie alleged that his damages exceeded $50,000 and

consequently filed a claim with American seeking additional benefits under the uninsured/underinsured provision of the Business Auto Policy (the "Policy") American had issued to his employer, Turfgrass American, L.L.P. ("Turfgrass"). The relevant portion of the Policy provides:

> "We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by an insured, or property damage caused by an accident."
> ***
> "'Uninsured motor vehicle' means a land motor vehicle or trailer of any type:
> ***
>     d.  Which is an underinsured motor vehicle."
>
> "However, an 'uninsured motor vehicle' does not include any vehicle or equipment:
> ***
>     b.  Owned or operated by a self-insurer under any applicable motor vehicle law."
> ***

Uninsured/Underinsured Motorists Insurance Endorsement §§ A- F.

American determined that the uninsured/underinsured did not apply to McQuinnie's situation and denied coverage.

McQuinnie now argues that because Sapkota's insurance was insufficient to pay the full amount of his damages, Sapkota was driving an underinsured vehicle as it is defined under the Policy. As such, he maintains uninsured motorist coverage provision of the Policy exists as a matter of law. (Pl.'s Br. in Opp. to Mot. for Summ. J. ¶ 10.) American, on the other hand, contends that the vehicle operated by Sapkota was owned by Enterprise, a self-insurer, and is therefore expressly excluded from coverage under the terms of the Policy. (Def.'s Br. in Supp. of Mot. for Summ. J. 3.)

McQuinnie brought the instant action against American on April 1, 2009, in the 134th Judicial District Court of Dallas County, Texas. On May 18, 2009, American filed a Notice of Removal and the case was transferred to this Court. American subsequently filed its Motion for Summary Judgment (doc. 6) on July 20, 2009. McQuinnie filed a Cross-Motion for Summary Judgment (doc. 9) on July 23, 2009. The Court convened a hearing on the Motions on Wednesday, December 9, 2009 at 9:00 a.m. Having considered the Motions, the briefings, and the parties' oral arguments, the Court now turns to the merits of its decision.

## II.

## LEGAL STANDARDS

A.   *Summary Judgment Standard*

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). In assessing whether a genuine issue of fact exists for trial, the court must view all of the evidence in the light most favorable to the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000). If the evidence submitted would allow a reasonable jury to return a verdict for the non-movant, a genuine issue remains and the court cannot grant summary judgment. *Anderson*, 477 U.S. at 248. The burden is on the summary judgment movant to establish that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990).

B.   *Interpretation of an Insurance Contract*

Under Texas law, insurance policies are interpreted using same rules of construction used

in the interpretation of ordinary contracts. *Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex. 1998). A court should strive to give effect to the intention of the parties as expressed in the written language of the policy. *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex. 1994). As such, "the terms used in the policy are given their plain, ordinary meaning unless the policy itself shows that the parties intended the terms to have a different, technical meaning." *Am. Nat'l Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 323 (5th Cir. 2001) (citing *Puckett v. U.S. Fire Ins. Co.*, 678 S.W.2d 936, 938 (Tex. 1984)). When a term is defined in the policy, that definition controls. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 219 (Tex. 2003); *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 823 (Tex. 1997). "Reliance on defined terms in insurance policies to construe those contracts is necessary to determine the intent of the parties and integral to the application of basic principles of contract interpretation to insurance policies." *Id.*

## III.

## ANALYSIS

Under the Policy, McQuinnie is entitled to any damages which he is (1) legally entitled to recover (2) from the owner or operator of (3) an uninsured motor vehicle (4) as a result of bodily injury or property damage. *See* Uninsured/Underinsured Motorists Insurance Endorsement § A. For purposes of these Motions, it is undisputed that McQuinnie was legally entitled to recover damages from Sapkota, the operator of the vehicle, as a result of the bodily injuries he sustained in the automobile accident. The crux of this dispute is whether or not Sapkota was driving an 'uninsured motor vehicle' to trigger a right to damages under the uninsured/underinsured terms of the Policy.

American argues that the vehicle operated by Sapkota at the time of the collision is not an 'uninsured motor vehicle' as the term is defined in the Policy. It maintains that the vehicle was owned by Enterprise Leasing, a *self-insurer* under the Texas Motor Vehicle Safety Responsibility Act. As such the car is expressly excluded from coverage under the uninsured/underinsured portion of the Policy.

McQuinnie does not dispute that Enterprise Leasing owned the vehicle operated by Sapkota or that Enterprise Leasing is a self-insurer. Rather, in a truly novel argument unsupported by the case authority, he argues that the self-insurer exception does not apply because that exception only applies when the insured is legally entitled to recover against the self-insurer. Under his interpretation, only if his underlying claim was against Enterprise Leasing, instead of Sapkota, would coverage be barred. Since recovery against Enterprise Leasing is prohibited by federal law under the facts of this case, McQuinnie alleges the self-insurer exception does not apply.

The Court is not persuaded. McQuinnie's position is not supported by the unambiguous definition of 'uninsured motor vehicle' contained in the Policy. Section F (6) of Policy, which defines the term 'uninsured motor vehicle,' clearly delineates the types of vehicles included within that category. More importantly, it unambiguously states which vehicles are not included within the 'uninsured motor vehicle' category. Among the excluded vehicles, are any vehicles owned or operated by a self-insurer under any applicable motor vehicle law. *See* Uninsured/Underinsured Motorists Insurance Endorsement § F. It is undisputed that Enterprise Leasing is a self-insurer under the Texas Motor Vehicle Safety Responsibility Act. Therefore, the vehicle involved in the automobile accident, which was owned by Enterprise Leasing, is expressly excluded from coverage under the Policy.

Nothing in the written language employed by the drafters of the Policy suggests that they intended that there be an exception for instances in which the insured cannot legally recover against the self-insurer. *See Pagel v. Pumphrey,* 204 S.W. 2d 58, 64 (Tex.Civ.App.– 1947)(holding that if words employed within a contract convey a definite meaning, the apparent meaning must be regarded as one intended). If such an exception was intended, the parties would have provided for it in the written language of the Policy. Since it was not included in the Policy, adopting McQuinnie's interpretation would require the Court to consider the general coverage provision in the Policy separately and apart from the provision which excludes any vehicles owned by self-insurers in the category of 'uninsured motor vehicles.' However, under basic principles of contract law, these provisions must be read together in order to give effect to the intentions of the parties. *Forbau,* 876 S.W.2d at 134 ("No one phrase, sentence, or section of a contract should be isolated from its setting and considered apart from the other provisions").

Because the definition of 'uninsured motor vehicle' is clearly and explicitly stated in the Policy, the language of the Policy is an unambiguous expression of the parties' intentions. Given the Court's obligation to give effect to the intention of the parties, the Court finds that the Policy excludes any vehicles owned or operated by a self-insurer from the category of 'uninsured motor vehicle.' Consequently, McQuinnie is precluded from recovering under the Policy.

## IV.

## CONCLUSION

For the foregoing reasons, the Court finds that no genuine issue of material fact exists and American is entitled to judgment as a matter of law. The Court accordingly **GRANTS** American's motion for summary judgment in its entirety. The Court will separately enter a judgment.

SO ORDERED.

SIGNED December 22, 2009.

                                                    JANE J. BOYLE
                                                    UNITED STATES DISTRICT JUDGE